IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS FULBRIGHT,<br>    #48289-177,<br>        MOVANT,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:19-CV-222-B-BK<br>(CRIMINAL NO. 3:14-CR-215-B-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Marcus Fulbright's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I. BACKGROUND**

Fulbright pled guilty to using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and was sentenced to an aggregate term of 384 months' imprisonment—84 months (seven years) on the first Section 924(c) conviction and a consecutive term of 300 months (25 years) on the second Section 924(c) conviction. *United States v. Fulbright*, No. 3:14-CR-215-B-1, Crim. Doc. 74 at 1 (N.D. Tex. Nov. 8, 2016), *appeal dismissed as frivolous*, 712 F. App'x 464 (5th Cir. Feb. 20, 2018) (per curiam). On January 28, 2019, Fulbright timely filed this *pro se* Section 2255 motion alleging (1) his guilty plea was involuntary due to the ineffective assistance of counsel, (2) he was actually innocent of the second Section 924(c) sentence, and (3) he was entitled to relief under the First Step Act of 2018.

Doc. 1 at 4-7; Doc. 4 at 7-11 (Amended § 2255 Motion).  The Government has filed a response opposing Section 2255 relief.  Doc. 8.  Fulbright did not file a reply.

Upon review, the Court finds that the First Step Act has no effect on Fulbright's sentence and he cannot show that his plea was involuntary and his counsel was ineffective.  Thus, his Section 2255 motion fails on the merits.

## II. ANALYSIS

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made.  *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel.  *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

In addition, to succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.  To demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The movant bears the burden of showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

**A. Section 403 of the First Step Act Does Not Apply Retroactively**

Fulbright' seeks to vacate his 25-year mandatory minimum sentence for his second Section 924(c) conviction based on the First Step Act of 2018. *See* FIRST STEP ACT OF 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). His claim is unavailing.

Instead of automatically triggering a 25-year sentence for a second or subsequent Section 924(c) conviction, Section 403(a) of the First Step Act requires the existence of "a prior [§ 924(c)] conviction ... [that] has become final." 132 Stat. at 5221-22. Section 924(c) now reads: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years . . . ." 18 U.S.C. § 924(c)(1)(C); *United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020) ("§ 403 of the [First Step] Act amended … § 924(c)(1)(C)(i) … to reduce the severity of 'stacked' charges."). However, Section 403(b) narrowly limited its backward reach to those offenses "committed before its December 21, 2018 effective date only 'if a sentence for the offense ha[d] not been imposed as of such date.'" *Id.* at 177; *see also United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum." (citation omitted)).

Because Fulbright's Section 924(c) sentences were imposed *before* December 21, 2018, when the First Step Act was first enacted, Section 403 is inapplicable and has no effect on his sentence. *Gomez*, 960 F.3d at 177 (finding "no support in the statute or the case law for applying § 403 retroactively to cases pending on direct appeal on the First Step Act's effective date"); *United States v. Smith*, 967 F.3d 1196, 1213 (11th Cir. 2020) (same) (collecting cases); *United States v. Ross*, 2020 WL 3977113, at *3 (N.D. Tex. July 14, 2020) (Boyle, J.) (denying sentence

reduction under § 403 as defendant was sentenced before the First Step Act's enactment). Thus, Fulbright is ineligible for Section 2255 relief under the plain language of Section 403 of the First Step Act.

### B. The Guilty Plea Was Voluntary and Counsel Was not Constitutionally Ineffective

Next, Fulbright avers that his guilty plea "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of [the] plea." Doc. 4 at 8. Specifically, he maintains that his counsel "misled him … that multiple 924(c) charges would result in multiple 924(c)'s conviction[s]" and that this led him to plead guilty as opposed to going to trial. Doc. 4 at 7-8. Fulbright's factual premise is flawed.

Because Fulbright pled guilty long before the First Step Act was enacted, his counsel correctly advised him—in accordance with the holding of the Supreme Court in *Deal v. United States*, 508 U.S. 129, 131-33 (1993), *superseded by statute as stated in Davis*, 139 S. Ct. 2324 n.1—that he was a subject to the enhanced repeat-offender minimum on his second Section 924(c) count. Fulbright also affirmed under oath at his rearraignment hearing that he (1) was aware of the charges against him and the penalties that he faced if he pled guilty, and (2) was freely and voluntarily pleading guilty. Crim. Doc. 81 at 4-5, 8, 14-16, 18-19, 20. Further, he averred that he was fully satisfied with his counsel's advice. Crim. Doc. 81 at 6.

In sum, Fulbright presents only self-serving, *post hoc* assertions that he would not have pled guilty but for counsel's then-correct advice about his sentencing exposure. His current protestations are insufficient to contradict his testimony at rearraignment, however. *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to

substantiate a defendant's expressed preferences."); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing). Moreover, sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Consequently, a defendant will not be permitted to contradict testimony given under oath at arraignment. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring movant to produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations).

For the foregoing reasons, the Court concludes that Fulbright has failed to establish that his guilty plea was not knowing and voluntary based on counsel's allegedly deficient performance or that he was prejudiced as a result of the same. Thus, his first claim fails.

### C. Actual Innocence is Not Cognizable as a Freestanding Claim

Lastly, Fulbright asks the Court to consider a stand-alone actual innocence claim as to the offense that resulted in his 25-year sentence. Doc. 4 at 10-11 (arguing that he is actually innocent of his second or subsequent 924(c) conviction because both 924(c) offenses were charged in the same indictment and there was no previous conviction). However, even if Fulbright could present a cogent argument, actual innocence is not cognizable as a freestanding federal habeas claim. *Reed v. Stephens*, 739 F.3d 753, 766-68 (5th Cir. 2014) (precluding freestanding innocence claim); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006) ("[A]ctual-innocence is not an independently cognizable federal-habeas claim."). Thus, this claim also fails.

### III. CONCLUSION

Fulbright's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 15, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).